Case number 15-1860, United States of America v. Wilfred Griffith. Oral argument not to exceed 15 minutes per side. Brandi Ulanda-Robinson for the appellant. You may proceed. Thank you, Your Honors. Before I begin, I'd like to reserve just two minutes for rebuttal. Fine. With complete recognition that this is a difficult case for the appellant and that we've got an uphill battle, I just want to add a couple of remarks in addition to the information that we've submitted to the court on the pleadings. It's our position that Section 16215 of the Public Health Code in the State of Michigan does permit a licensed physician to delegate certain scopes of authority to people who are acting under his or her care, and that rightly or wrongly, Mr. Griffith believed that the delegation of authority that had been entrusted to him by Dr. Smith and Dr. Benito permitted him to engage in much of the conduct that was at issue in this case. And, of course, it's our ultimate contention that the district court abused its discretion in not allowing Mr. Griffith to present evidence of both the statute, the specific statute that involves the delegation of authority to the jury so that the jury could consider the relevance of that information to his intent. Was he allowed to present evidence, but just not the statute language itself? He was able to present evidence in the form of his own testimony, Judge Moore. And while that, of course, is one piece of evidence and therefore not a complete denial of his right to present a defense, the statutory language itself, I think, would add additional credibility, I suppose, to the defense theory that was being presented. I think without the context and without broader analysis or the jury's ability to understand that Mr. Griffith didn't just pull this out of the sky, that this was actually something that, in his judgment, right or wrong, was contemplated by Michigan law. I think the jury was left to evaluate that information in a vacuum and really without the benefit of understanding that, you know, even the legislature had weighed in on this very question to some degree. But the only thing that he was not permitted to introduce, as I understand it, was the actual language of the statute. Is that correct? That's correct, Judge Moore. I want to just respond really very briefly to a few of the arguments that the government raised in its pleading. Obviously, the issue of intent and whether or not Mr. Griffith possessed the intent to defraud the Medicare program was really one of the main issues at trial, as it related to the conspiracy charge in particular. And as a result of that, I believe, again, it was absolutely his right under the Constitution to present a full defense of his perspective on that question. It was also very central to the government's theory below. Both in its opening statement on January 27th, the government's attorney emphasized right out of the gate that Mr. Griffith was never licensed, that he was never allowed to practice in any capacity, and that he played doctor and led all these patients to believe that he was acting as a doctor and only as a doctor. So it was critical to their theory at the opening, and that framed the government's positioning of the case to the jury. And then, again, at the closing arguments that took place, and the court can find those transcripts at record number 64 and page ID number roughly 1666, the government, again, reiterated that theme over and over again. Mr. Griffith was completely playing doctor. This was totally fraudulent on his part, and there was no justification for that. He wasn't even licensed as a physician's assistant, right? He was not, Your Honor. He really had no credential, shall we say, that would allow him to do what he was doing. But moreover, wasn't there evidence of totally fraudulent activity, wholly apart from whether he thought he could do this as a doctor or not? Well, I mean, listen, as I indicated at the beginning, I absolutely recognize that both from the standpoint of the abuse of discretion standard and the harmless error analysis, we have a difficult case here. But having said that, I think on that, again, that central question of his intent, separate and apart from whether or not the other activities involved were a technical violation, I think he had to believe that these things were fraudulent. And I believe also that in Technical violation? I'm sorry? Technical violation? This is really a pretty blatant violation, isn't it? It's not a technical violation. Well, I would agree that the government had evidence that much of what was happening below, in the entirety of the scheme, was not lawful. But having said that Because they're billing for services that they didn't provide. That's correct, Judge Moore. Having said that, again, the question of intent is still one that was important. And I think in judging a defendant's right to present a defense, it's tempting to evaluate the merits of that defense and whether or not it's completely strong and it's going to absolve somebody of responsibility. But at the end of the day, I think those are jury questions, and whether or not he would have prevailed is sort of secondary to the fact that, at the end of the day, it was his right to present a complete defense to the jury below. And so that's the basis of our argument. Do you have some sentencing issues as well? Am I correct? I do, Your Honor. I essentially don't have much to add beyond what was presented in the briefing below. I think if there is one that is most prominent for the Court's consideration, it's whether or not Mr. Griffith played a minor participant role or something more significant than that, and whether or not he should have been given a reduction in response to that. Unless the Court has any other questions, I'm happy to rest all my pleadings as to the remainder of the arguments. Thank you. Thank you. May it please the Court. Andrew Goetz for the United States. A defendant who is offering an advice of counsel defense does not get to introduce as a separate trial exhibit a statute or any other legal authority cited in that attorney's opinion. That was true in this Court's decision in Hatchett. It remains true here. At trial, the defense was not that the defendant relied on the text of the statute. The defense was that he relied on the attorney's opinion which cited the statute. That was the basis that the defense counsel put forward at the motion hearing, and I'm referring to page 1598 and 1599 of the record. Defense counsel proposed asking whether the defendant received an opinion from his attorney and whether that opinion listed the name and number of the statute. That's reliance on the opinion, not reliance on the text of the statute. The defendant's written motion shortly thereafter, and that's page 603, said the same thing. And the district court's opinion, if the court looks at it, tracked that analysis. The district court looked first at whether introducing the statute would be confusing and then only addressed the theory that defense counsel submitted below, which is the legal effect of the statute. The district court took defense counsel at her word, took the defendant at his word, that he didn't rely on the text of the statute, was only relying on the attorney's opinion. And that's important for several reasons. First is under this court's decision in Hatchett. In Hatchett, if the court recalls, the defendant presented an advice of counsel defense and sought to have the attorney testify about the specific legal authority that the attorney had relied on, the research the attorney had relied on. The district court excluded it there, as the district court did here, and this court upheld that, saying, one, it wouldn't make the advice of counsel defense stronger, and two, as is true here, it would have been confusing. Introducing the text of a statute, text of a case, text of any legal materials as an exhibit to the jury, is going to be confusing. Well, suppose hypothetically that an attorney is giving advice based on a wholly erroneous, absolutely crazy theory. Would that be a situation where there should be an exception, where one or the other side should be able to introduce what the attorney's basis, alleged basis for the attorney's opinion is, to show that it was wrong for the defendant to rely on that attorney's opinion? Probably not, Judge Moore. With a caveat that I'll explain, and that actually supports our argument here, because advice of counsel does not depend on whether the advice is good or bad. It depends on whether the defendant disclosed the relevant facts and then reasonably relied on that advice. I mean, the advice is often bad. That's why the person who takes it ends up with the word defendant next to his name. It's usually bad advice. So it's whether he relied on that advice that's important. And notice, if the shoe were on the other foot here, let's say he got an opinion, and that opinion cited, quoted a case, and that case had misquoted that case, used the word not or didn't use the word not, in a way that completely changed the meaning of that case. The government wouldn't then be able to introduce that case as a separate exhibit, unless, for instance, the defendant directly, we had some information, in which case the defendant knew about that case or had some other evidence that he could not have relied on that opinion. So if the shoe were on the other foot here, the government would not have been able to introduce this statute either. And that's important because it supports the district court's analysis here. It shows why admission of this exhibit was not relevant and why it was properly excluded under Rule 403, because you have no relevance whatsoever balanced out with confusion. These jurors, they're lay people. They are not attorneys. Introducing one state statute in a Medicare fraud scheme would have been unduly confusing, and so it was properly excluded under Rule 403. Those are two separate reasons, right? Irrelevance would have been sufficient and the balancing. Is that correct? That's correct, Your Honor. We don't need both of them. Irrelevance is sufficient under Rules 401 and 402, and then even if the court were to assume somehow that there was some minimal relevance, then 403 would come into play and the risk of confusion would outweigh it. And that takes me to the next point. Judge Moore, you asked whether he was permitted to present his defense. He was permitted to present his defense. He was permitted to testify about his reliance on advice of counsel. He could have introduced the attorney's opinion had he been willing to offer more than page 2 of it and had not affirmatively withdrawn it as a trial exhibit. So he was permitted to present his defense here. Finally, even if this court were to find or assume any error, the evidence here was overwhelming. The two people who were involved in setting up both sets of fraudulent companies here testified that both schemes were entirely illegal, and this defendant cheated on one scheme to help another scheme because he received kickbacks from that later scheme. That evidence by itself was quite damning with or without this statute. Do you want to say anything about the sentencing argument? I don't have anything to add, Judge Sentell. Unless the court has any questions, I'd be happy to address those. If there are no further questions, then the government would ask that the district court's judgment be affirmed. Thank you. Your Honors, I would just ask the court to consider the pleading that defense counsel submitted below. Again, it's found at record number 124. At page ID number 605 and 606, the defense there is asking not only to allow the advice of counsel to finish generally, but specifically to allow the presentation of the statute. To the extent that the government is using its briefing and argument to suggest that there was a waiver here, I just want to make that clear for purposes of the record. Thank you. You're saying that, I didn't quite get all of what you said, you're saying that this part of the record will show that the counsel didn't solely rely on advice of counsel, but also relied directly on the statute? Right, and specifically requested that the text of the statute be presented. Well, we know there was a request, but I'm not sure that what is the evidence of specific reliance on the statute? I'm sorry, Judge Sentell? We know there was a request to introduce the statute. Do you suggest that if we look back at the record, we'll find there was specific reliance on the statute? Could you summarize what that would show us when we look? Well, Your Honor, no. It doesn't necessarily speak to Mr. Griffith's testimony that he analyzed separately the text and language of the statute. There really isn't evidence of any direct reliance by him on the statute, is there? No, Your Honor. It's inferential. He relied on the advice of his attorney. The advice of the attorney was construed under the language of the statute. Thank you. Thank you both for your argument. The case will be submitted. Would the clerk call the next case?